UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION (DETROIT)

In re:

Leroy W. Kinne and
Sharon L. Kinne,
    Debtors.
_____/

Chapter 13
Case Number 19-49692
Hon. Mark A. Randon

**OPINION AND ORDER OVERRULING
THE TRUSTEE'S OBJECTION TO CONFIRMATION**

**I.    INTRODUCTION**

For most Chapter 13 debtors, the more time they have to complete their plans the better. Longer plans often mean lower payments, which benefit debtors whose plans are barely feasible or who need to cure significant pre-petition defaults.  This case is an exception.  Leroy and Sharon Kinne are above-median income debtors, required to make 60 monthly payments under their plan.  They have made 14 monthly pre-confirmation payments to the Trustee, have no pre-petition defaults to cure, and propose less than a 100 percent dividend to unsecured creditors.  Only one obstacle to confirmation remains: the length of time Debtors are required to make payments under their plan.

Debtors ask the Court to start the clock on their five-year commitment period on the date of their first payment, as opposed to the date their plan is confirmed–as this district's model plan requires.  The proposed change is not without significance.  If allowed, Debtors would be obligated to make only 46 post-confirmation plan payments

for a total of 60 monthly payments, instead of 60 post-confirmation payments for a total of 74 monthly payments. The Trustee objects to Debtors' proposed modification.

Because the Court adopts the majority position that the Bankruptcy Code requires the applicable commitment period begin on the date the first payment is due, the Trustee's objection to the Debtors' modification to the model plan is **OVERRULED** under the specific circumstances of this case.

## II. BACKGROUND

Debtors filed Chapter 13 bankruptcy on July 1, 2019. Their Third Amended Plan seeks to modify the language of the district's model plan to establish that their commitment period begins on the date the first payment was due. Debtors argue that because they have been making pre-confirmation payments for more than a year, starting the five-year commitment period on the confirmation date violates section 1322 of the Bankruptcy Code, which prohibits payments over a period longer than five years. The Trustee argues Debtors' proposed modification is contrary to the model plan and case law.

## III. ANALYSIS

Because the Trustee objects to confirmation, the Court cannot approve Debtors' plan unless:

> as of the effective date of the plan–the plan provides that all of the debtor's projected disposable income to be received in the applicable commitment period beginning on the date that the first payment is due under the plan will be applied to make payments to unsecured creditors under the plan.

-2-

19-49692-mar    Doc 85    Filed 09/11/20    Entered 09/11/20 11:31:34    Page 2 of 8

11 U.S.C. § 1325(b)(1)(B); *see also Baud v. Carroll*, 634 F.3d 327, 338 (6th Cir. 2011):

> [I]f the trustee . . . objects to confirmation of a [debtor's] Chapter 13 plan . . . whose plan provides for a less than full recovery for unsecured claimants, the plan cannot be confirmed unless it provides that all of the debtor's projected disposable income to be received in the applicable commitment period will be applied to make payments *over a duration equal to the applicable commitment period set forth in § 1325(b)*.

(Emphasis added).

The Trustee argues that the effective date of the plan dictates when the applicable commitment period begins (i.e., on the date of confirmation). But the "effective date of the plan" and the "applicable commitment period" are separate concepts–neither of which controls the other. The effective date of the plan is defined as the "date on which the plan is confirmed and becomes binding." *Hamilton v. Lanning*, 560 U.S. 505, 518 (2010); *see also In re Luchenbill*, 112 B.R. 204, 216 (E.D. Mich. 1990). The "applicable commitment period," however, is the duration of time that the debtor is "obligated to serve [if the debtor chooses to remain in Chapter 13]." *Baud*, 643 F.3d at 338 (quoting *Whaley v. Tennyson (In re Tennyson)*, 611 F.3d 873, 877 (11th Cir. 2010)).

Debtors' applicable commitment period is five years. 11 U.S.C. § 1322(d)(1) (because Debtors' combined monthly income is above the median family income in Michigan for their household size, "the plan may not provide for payments over a period that is longer than 5 years"). The first payment was due 30 days after the petition date. 11 U.S.C. § 1326(a)(1) ("Unless the court orders otherwise, the debtor *shall* commence

-3-

making payments not later than 30 days after the date of the filing of the plan or the order for relief, whichever is earlier[.]") (Emphasis added).[1]

Based on the plain language of the statute, before Debtors' plan can be confirmed, the Court must ensure they are contributing all of their disposable income–which includes post-filing information about the Debtors' financial circumstances–into the plan for five years beginning 30 days after the petition date. *See e.g.*, *In re Musselman*, 341 B.R. 652, 655 (Bankr. N.D. Ind. 2005) ("the straightforward conclusion, in the view of this court, is that 'the duration of the plan should be calculated from the commencement of the payments'") (quoting *In re Collier*, 193 B.R. 1, 2 (Bankr. D. Az. 1996)); *In re Schuster*, No. 10-01175, 2015 WL 9282447, at *4 (Bankr. D.D.C. Dec. 18, 2015) ("when measuring the five-year maximum duration of a modified plan, the measurement runs from the date on which the first payment was due under 11 U.S.C. § 1326(a)")); *Profit v.*

---

[1] Based on the language in section 1325(b)(1)(B) that says the applicable commitment period begins "on the date that the first payment is due under the plan," one could argue that the commitment period starts on a date specified in the plan–as opposed to 30 days after the petition is filed. One court has held:

> [t]he date specified by the plan is controlling as long as that date meets the requirements of § 1326(a)(1)(A). If the petition date is on March 1, then the first payment date must be no later than March 31. If the plan specifies March 20 as the first payment date, then March 20 will begin the applicable commitment period.

*In re Humes*, 579 B.R. 557, 561 (Bankr. D. Colo. 2018). This makes sense considering the language in section 1326 provides that the first payment must begin "not later" than 30 days after the petition date. Here, it is a moot point: Debtors' Third Amended Plan specifies July 31, 2019, as the first payment date, which is 30 days after the petition date.

*Savage (In re Profit)*, 283 B.R. 567, 575 (B.A.P. 9th Cir. 2002) ("[w]e have held that the 60-month period . . . commences on the date the first plan payment was due pursuant to § 1326(a)(1), which provides that plan payments shall commence 'within 30 days after the plan is filed'"); *In re Humes*, 579 B.R. 557, 560 (Bankr. D. Colo. 2018):

> To allow the payment period to run from the confirmation date . . . would allow an end run around the five-year limitation in § 1322 because a debtor could intentionally delay confirmation, thereby creating a longer period of plan payments. More importantly, starting the five-year clock at confirmation would impose an additional burden on debtors by requiring them to make pre-confirmation payments under § 1326, but then not counting those payments toward the sixty-month obligation. Thus, "the most logical point from which to begin counting the repayment payment is at the time the debtor is first required to make payments under § 1326(a)(1)."

(Citations omitted).[2]

The challenge is that the model plan in this district states the applicable commitment period begins on the date the plan is confirmed.[3] Debtors argue they should not be bound by that language because they have already made plan payments for more

---

[2] The Court acknowledges that other cases have held that the commitment period begins on the date of confirmation, but it disagrees with those line of cases.

[3] The model plan provides "Debtor's Current Monthly Income exceeds the applicable State median income. Debtor's Applicable Commitment Period is 60 months. Debtor's Plan Length shall be 60 months from the date of entry of the Order Confirming Plan."

than a year and adhering to the model plan would essentially extend their commitment period to over six years.[4]

In *In re Lundy*, No. 15-32271, 2016 WL 6108524 (Bankr. N.D. Ohio Oct. 19, 2016), the court found one problem with a provision in debtors' plan was that it attempted to make the 60-month period run from the date of confirmation. *In re Lundy*, 2016 WL 6108524, at *12. The court reasoned that "[a] strong majority of courts and bankruptcy treatises hold that the 60 month period runs from the date the first payment is due under Section 1326(a)(1)." *Id.* If debtors' applicable commitment period began on the date of confirmation, the plan would run more than 70 months, and "[a] 70+ month Plan would be contrary to Section 1322(d)(1) statutory prohibition: 'the plan may not provide for payments over a period that is longer than 5 years.'" *Id.* at *13; *see also In re Grant*, 428 B.R. 504, 508 (Bankr. N.D. Ill. 2010):

> The Court finds that § 1322(d) limits Chapter 13 plans to a maximum of five years. The Court will not ignore this limitation. While this section pertains to the contents of a plan and confirmation requirements, the Court believes it applies to all confirmed Chapter 13 plans. A plan cannot be confirmed if it exceeds five years. To allow this plan to continue for another twelve to eighteen months is simply to ignore § 1322(d) and clear Congressional intent. Congress intended to limit the time period of a Chapter 13 plan in order to protect debtors from involuntary servitude. The purpose of the plan term limitation in Chapter 13 is to avoid debtors becoming "wage slaves." If, in the future, Congress wants to permit longer Chapter 13 plan terms, it can so legislate.

---

[4]The Trustee informed the Court that Debtors have a working wage order and a payment history above 100 percent.

(Citations omitted).  The Court agrees with Debtors' position as well as the *Lundy* and *Grant* decisions.  "The above-median income debtor must make payments for no more than five years and no less than five years or, put more simply, for exactly five years." *In re Humes*, 579 B.R. at 559.  However, Administrative Order 17-04 was entered on October 24, 2017.  It adopted the model plan based on comments from the Chapter 13 Trustees, public comments, the Court's historical experience with the previous model plan, and the Bankruptcy Rules.  The Court cannot vacate the administrative order or the language in the model plan.  It will remain unchanged unless a debtor seeks to change the start date of the commitment period.

Because Debtors have sought such change, the Court will abide by the plain language of the statute and start the commitment period 30 days after the petition date when the first plan payment was due under section 1326(a)(1).

## IV. CONCLUSION

Under the specific facts of this case, the Trustee's objection to confirmation based on the Debtors' modification to the model plan is **OVERRULED**.  Because this objection was the only impediment to confirmation, and the Court finds the plan otherwise complies with section 1325, the parties may either: (1) submit an order confirming plan with a plan length of 60 months from the date the first plan payment was due, which, in this case, was July 31, 2019; or (2) appear for the confirmation hearing on September 30, 2020, at 10:00 a.m.

**IT IS ORDERED**.

**Signed on September 11, 2020**



/s/ Mark A. Randon
**Mark A. Randon**
**United States Bankruptcy Judge**